IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAVONDA MOORE, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| | ) |
| v. | ) |
| | ) |
| COWABUNGA, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Lavonda Moore ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Cowabunga, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for discrimination based on sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

1

## JURISDICTION

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## VENUE

3.

The unlawful employment practices alleged in this Complaint were committed within this district. Thus, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Georgia resident and subject to jurisdiction in this Court.

5.

Defendant is a Georgia corporation. At all times relevant to this action, Defendant has been doing business within this district. Defendant is subject to jurisdiction in this Court. Defendant may be served with a copy of the Complaint via its registered agent, Michael Orcutt, 3585 Trotter Drive, Alpharetta, Georgia 30004.

## ADMINISTRATIVE PROCEDURES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

7.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

9

Plaintiff was previously employed by Defendant as a delivery driver. She resigned from the position in May 2021.

10.

On or about June 12, 2022, at around 1 a.m., Donald Harris ("Harris"), one of Defendant's regional managers, told Plaintiff that she could work at Defendant's Hapeville, Georgia location during the week and Defendant's Tech College/ Marietta location on weekends.

11.

During their conversation, Harris repeatedly attempted to make Plaintiff kiss him. Harris told Plaintiff that he could bypass Defendant's system and get her hired. Harris also asked Plaintiff what she would do for him if he got her hired.

12.

Following their conversation, Harris took Plaintiff to Dominos to get some food. While in the car, he said "Just kiss me, just kiss me, just kiss me, I can take care of you." Harris also told Plaintiff to unfold her arms and get comfortable in his car. After they arrived at Dominos, Harris mentioned to an employee named Mario, "she won' t give me a chance."  Afterwards, Harris told Plaintiff to apply for employment and that he would push it through.

13.

On June 13, 2022, Andrea, another manager, interviewed Plaintiff and told her she was hired, but that Harris would need to approve.

14.

On June 15, 2022, Plaintiff called Harris and asked if he could approve Plaintiff for the position and he responded, "if you do me a favor, I will bypass the system for you." He was referring to sex. Harris also told Plaintiff that she was non-rehire in Defendant's system because she previously quit her job with Defendant.

15.

On June 18, 2022, John, another manager, interviewed Plaintiff and told her she was hired, there were no red flags for non-rehire, and that Plaintiff could begin work on Monday.

16.

On or about June 19, 2022, Plaintiff called Defendant's HR Department to complain about Harris's behavior and the non-rehire status, but no one answered. On or about June 24, 2022, Plaintiff ultimately spoke with Debra in Defendant's HR Department and complained about Harris' conduct.

17.

On or about June 27, 2022, Debra called Plaintiff and told her that after further investigation, Plaintiff was marked as a non-rehire and nothing could be done about it.

18.

Defendant's alleged reason(s) for failing to hire Plaintiff are pretext for unlawful discrimination based on sex, and retaliation for Plaintiff engaging in protected activity.

17.

Defendant was aware of Valasquez' propensity to sexually harass its female employee and failed to address the sexual harassment.

18.

The sexual harassment of Plaintiff was severe or pervasive, altering the terms and conditions of Plaintiff's employment.

19.

Defendant took tangible employment actions against Plaintiff because she rejected Harris' sexual demands, specifically failing to hire Plaintiff.

20.

Defendant failed to hir Plaintiff in retaliation for her engaging in protected activity. As a result of Defendant's action, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Quid Pro Quo Claim)

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Plaintiff is a member of a protected class, i.e. she is a woman.

23.

Defendant took tangible employment action against Plaintiff because she refused to give in to Harris sexual demands. To wit, Defendant refused to provide Plaintiff with a job, which Harris/Defendant had conditioned on Plaintiff engaging in sexual relations with him.

24.

Defendant is liable for the sexual harassment of Plaintiff under a theory of vicarious or direct liability.

25.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

26.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

27.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination. Plaintiff is entitled to recover compensatory damages, including damages for emotional distress.

28.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages. Plaintiff is also entitled to lost wages and benefits, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II: RETALIATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Plaintiff's complaints and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

31.

Defendant subjected Plaintiff to adverse actions (to wit, failing to hire Plaintiff) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

32.

There was a causal connection between the protected conduct and the adverse action of not hiring Plaintiff.

33.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

34.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

35.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) That judgment be entered against Defendant on all claims;

(b) That general damages be awarded for mental and emotional suffering;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)     Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)     All other relief to which she may be entitled.

This 7th day of November, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com